[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13865
Non-Argument Calendar
_____

D. C. Docket No. 08-01101-CV-T-30MAP

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for Long Beach Mortgage
Loan Trust 2006-8,

Plaintiff-Appellee,

versus

CLIFFORD L. HOLYFIELD,
PHYLLIS HOLYFIELD, his wife,

Defendants-Appellants,

UNITED STATES OF AMERICA,
acting through the Rural Housing Service,
et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2009)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Clifford and Phyllis Holyfield (the "Holyfields"), a husband and wife proceeding pro se, appeal the district court's sua sponte dismissal of their qui tam action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, for lack of subject matter jurisdiction. The Holyfields also appeal the district court's denial of their motion for reconsideration. Because the Holyfields cannot maintain a qui tam suit under the FCA as pro se relators, we conclude that the district court did not err in dismissing their complaint and in denying their motion for reconsideration. AFFIRMED.

## I. BACKGROUND

The Holyfields filed their qui tam claim in response to foreclosure proceedings on their home occurring in the Florida state court system. See R1-1 at 1-5; R1-3 at 1-5. In their qui tam claim, the Holyfields allege that the Farmers Home Administration ("FHA") of the U.S. Department of Agriculture ("USDA") held the mortgage and promissory note to their property. As such, they argue that Deutsche Bank National Trust Company ("Deutsche Bank") was attempting to steal from the United States by initiating a foreclosure action on their property in state court. R1-3 at 2.

The district court sua sponte dismissed, without prejudice, the Holyfields' qui tam claim for lack of subject matter jurisdiction. R1-5 at 1-2. The court found that the Holyfields failed "to allege any particular fraud upon the government or the presentation of a false claim for payment to the government as required in order to invoke jurisdiction under the Federal False Claim Act." (Id. at 1).

The Holyfields then filed both an original and amended motion for reconsideration. See R1-6; R1-7. In both motions, the Holyfields urged the district court to reconsider its decision on grounds that the district court "inadvertently" thought that the Holyfields "were suing the FHA and USDA when, in fact," the Holyfields brought suit in order to protect the government's interests. R1-7 at 1. The district court denied the motion and found that the Holyfields failed to demonstrate any basis for the court to reconsider its order. R1-8 at 1-3. The Holyfields now appeal the district court's denial of their motion to reconsider to us.

## II. DISCUSSION

We review a district court's dismissal of a complaint for lack of subject matter jurisdiction de novo. Makro Capital of America, Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008). We review a denial of a motion for reconsideration for abuse of discretion. Id. at 1261. In general, we embrace "a policy of liberal construction of notices of appeal when (1) unnoticed claims or issues are

3

inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced." Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1313 (11th Cir. 2004) (quotation marks and citation omitted). Finally, we may affirm the district court's decision for reasons different than those stated by the district court. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998).

In a qui tam claim, a private individual, called a relator, may file a civil action on behalf of the federal government. Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008) (per curiam). The right to file a qui tam claim is statutory. Id. The FCA is the qui tam statute at issue in this case.

In Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (per curiam), cert. denied, 129 S. Ct. 74 (2008), we held that a private individual could not maintain a qui tam suit under the FCA as a pro se relator. If a person brings a qui tam claim based on the FCA, and he or she proceeds pro se, the district court will lack subject matter jurisdiction over the claim. See id. at 874.

In this case, the district court correctly dismissed, without prejudice, the Holyfields' qui tam claim for lack of subject matter jurisdiction. Although the court predicated its decision on the Holyfields' failure to correctly invoke jurisdiction under the FCA, we conclude that the district court lacked subject matter jurisdiction because the Holyfields filed the suit pro se. Logic then dictates

4

that because it did not have subject matter jurisdiction over the claim, the district court did not abuse its discretion in denying the Holyfield's motion to reconsider the dismissal order.

## III. CONCLUSION

The Holyfields appeal the district court's <u>sua</u> <u>sponte</u> dismissal of their <u>pro</u> <u>se</u> <u>qui</u> <u>tam</u> action under the FCA for lack of subject matter jurisdiction and the district court's denial of their motion for reconsideration. Because the Holyfields cannot maintain a <u>qui</u> <u>tam</u> suit under the FCA as <u>pro</u> <u>se</u> relators, we conclude that the district court did not err in dismissing their complaint and in denying their motion for reconsideration. Accordingly, we AFFIRM.